UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL MADRIGAL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-321 |
| | § | |
| GARY CURRIE, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING PLAINTIFF/APPELLANT'S
### MOTION FOR APPOINTMENT OF COUNSEL

Pending is Plaintiff/Appellant's Motion For Appointment of Counsel. (D.E. 24). Having considered the motion and for the reasons set forth below, the motion is **DENIED**.

Appellant is an inmate in the Texas Department of Criminal Justice. Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Appellant consented to proceed before a United States Magistrate Judge (D.E. 9) and the case was re-assigned to the undersigned on December 16, 2013. (D.E. 15). After initial screening, Appellant's claims were summarily dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and final judgment was entered on December 17, 2013. (D.E. 16, 17). Appellant filed a notice of appeal on February 3, 2014. (D.E. 18).

Pending is his motion for appointment of counsel. (D.E. 24). No constitutional right to appointment of counsel exists in civil rights cases. See *Baranowski v. Hart*, 486

F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).  These same factors apply in evaluating requests for counsel on appeal. *Akasike*, 26 F.3d at 512.

     Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, appellant's civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the appellant is in a position to adequately investigate and present his case.  The case was decided on initial screening and the Fifth Circuit has all the information necessary to decide appellant's appellate claims.

Appellant has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony which is inapplicable at the present stage of the case.  Finally, at this point in the appeal, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

For the foregoing reasons, appellant's motion for appointed counsel, (D.E. 24), is DENIED without prejudice.

ORDERED this 26th day of March, 2014.

_____
Jason B. Libby
United States Magistrate Judge